**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs. 3:06-cr-150-J-32MCR

OMONLEI IMADU

**O R D E R**

**THIS CAUSE** is before the Court on several motions filed by Defendant. Specifically, on July 13, 2006, Defendant filed the following motions: Motion to Disclose the Name of Law Enforcement, Expert and Informant Witnesses (Doc. 27); Motion for Names and Statements of Un-Indicted Co-conspirators (Doc. 28); Motion to Preserve Evidence (Doc. 29); Preliminary Motion to Suppress (Doc. 30); Motion for Notice by the Government to Show its Intention to Use Evidence Arguably Subject to Suppression (Doc. 31) and Motion for Information Regarding Prior Bad Acts of Defendant (Doc. 32). The Government filed its response to these motions (Doc. 41) and accordingly, these matters are now ripe for judicial review.

**A. Disclosure of the Names of Law Enforcement, Expert and Informant Witnesses**

Defendant seeks an Order requiring the Government to disclose the names of its law enforcement, expert and informant witnesses. (Doc. 27). The Government responds that pursuant to the Court's Standing Order (Doc. 15), it is already required to provide information regarding its witnesses. The Court agrees. The Standing Order governs the information Defendant seeks and Defendant has provided the Court with no reason why the Standing Order's requirements should be modified. Therefore, the

Defendant's Motion to Disclose the Name of Law Enforcement, Expert and Informant Witnesses (Doc. 27) is **GRANTED** only to the extent required by the Standing Order, Rule 16, the Jencks Act, Brady and Giglio and is otherwise **DENIED**.

**B. Names and Statements of Un-indicted Co-conspirators**

Defendant seeks an Order requiring the Government to identify and provide the locations of all un-indicted co-conspirators as well as provide any statements allegedly made by those persons. (Doc. 28). The Government responds that the material Defendant seeks is covered by the Jencks Act and the Standing Order and as such, they are required to produce the material at least five working days before the trial. Again, the Court agrees. Accordingly, Defendant's Motion for Names and Statements of Un-Indicted Co-conspirators (Doc. 28) is **GRANTED** only to the extent required by the Standing Order, Rule 16, The Jencks Act, Brady and Giglio and is otherwise **DENIED**.

**C. Preservation of Evidence**

Defendant also asks the Court to enter an Order directing the Government to:

> preserve evidence, directly admissible or otherwise and other information which may, at some future stage of the proceedings, be necessary or helpful to proper resolution of this case consistent with the Defendant's theory of defense.

(Doc. 29, p.1). Although the Government's response convinces the Court that it is sufficiently aware of its duty to preserve evidence, the Court will grant Defendant's Motion and direct the Government to preserve any evidence potentially helpful to Defendant.

**D.  Preliminary Motion to Suppress**

Defendant filed what he has entitled a preliminary motion to suppress in which he claims that some evidence was seized without a search warrant and without probable cause.  (Doc. 30).  Defendant notes that because "discovery and defense investigation are still incomplete," he is filing this motion "in general form to preserve the right to challenge the legality of any search or seizure of evidence that the Government introduces against him at trial."  (Doc. 30, p. 1).  The Court does not permit general motions to suppress.  Instead, a defendant must specifically identify which evidence should be suppressed and why.  Thus, the Court will deny Defendant's Preliminary Motion to Suppress (Doc. 30).

The Court notes that Judge Corrigan has continued the trial in this case until the October trial term.  The Court will give Defendant until **Tuesday, August 15, 2006** in which to file any motion to suppress he deems appropriate.  Any motion should be sufficiently detailed to provide both the Government and the Court with notice of what evidence Defendant believes should be suppressed and must be accompanied with a memorandum of law in which Defendant cites to case law and statutory authority in support of his position.  The Government shall file a written response to any motion to suppress no later than **Friday, August 25, 2006**.

**E.  Disclosure of Evidence Arguably Subject to Suppression**

Defendant asks the Court to enter an Order requiring the Government to specify all evidence, which is arguably subject to a motion to suppress, it intends to use at trial. (Doc. 31).  The Government responds that it is not required to specify the evidence it

intends to use at trial, which may be subject to a motion to suppress.  Instead, the Government states that it intends to use "all of the discoverable material under Rule 16 and the Court's Standing Order, access to which has been and will be provided to Defendant as evidence at trial."  (Doc. 41, p.8).  The Court agrees that such a statement is sufficient under Rule 12(b)(4)(B) and therefore, will deny Defendant's Motion for Notice by the Government to Show its Intention to Use Evidence Arguably Subject to Suppression (Doc. 31) as moot.

**F.   Information Regarding Prior Bad Acts of Defendant**

Finally, Defendant seeks an Order requiring the Government to disclose whether it intends to use any evidence of prior bad acts of the Defendant at trial as well as a description of the conduct the Government intends to use, the date and place of the conduct and the name and address of any witness who will testify about such conduct. (Doc. 32).  Further, Defendant seeks disclosure of this evidence at the pretrial conference.  The Government responds that it is already required to provide this information pursuant to Brady and the Standing Order, which directs the Government to provide Defendant with any evidence of other crimes, wrongs or acts which it intends to use at trial no later than ten working days before trial.  Defendant has not provided the Court with any reason to require this production earlier than the ten days prior to trial as required in the Standing Order.  As such, the Defendant's Motion for Information Regarding Prior Bad Acts of Defendant (Doc. 32) will be **GRANTED** only to the extent required by the Standing Order and Brady and is otherwise **DENIED**.

Accordingly, after due consideration, it is

**ORDERED**:

1. Defendant's Motion to Disclose the Name of Law Enforcement, Expert and Informant Witnesses (Doc. 27) is **GRANTED** only to the extent required by the Standing Order, Rule 16, the Jencks Act, Brady and Giglio and is otherwise **DENIED**.

2. Defendant's Motion for Names and Statements of Un-Indicted Co-conspirators (Doc. 28) is **GRANTED** only to the extent required by the Standing Order, Rule 16, The Jencks Act, Brady and Giglio and is otherwise **DENIED**.

3. Defendant's Motion to Preserve Evidence (Doc. 29) is **GRANTED**.

4. Defendant's Preliminary Motion to Suppress (Doc. 30) is **DENIED without prejudice**. No later than **Tuesday, August 15, 2006**, Defendant shall file any sufficiently detailed motion to suppress he deems appropriate. The Government shall file a written response to any motion to suppress no later than **Friday, August 25, 2006**.

5. Defendant's Motion for Notice by the Government to Show its Intention to Use Evidence Arguably Subject to Suppression (Doc. 31) is **DENIED as moot**.

6. Defendant's Motion for Information Regarding Prior Bad Acts of Defendant (Doc. 32) is **GRANTED** only to the extent required by the Standing Order and Brady and is otherwise **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 8th day of August, 2006.

Monte C. Richardson

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record