**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                                   Case No. 3:06-cr-150(S2)-J-32MCR

OMONLEI IMADU

_____

### **ORDER**

This case is before the Court <u>sua sponte</u> concerning defendant Omonlei Imadu's plea agreement with the government. On December 12, 2006, the Court convened for Imadu's sentencing hearing. (Doc. 50). The Court did not sentence Imadu on that date and continued the sentencing hearing to determine whether to accept or reject the plea agreement.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

On May 11, 2006, the grand jury returned a single count indictment pursuant to 18 U.S.C. § 1028(a)(4) charging Imadu with possessing a false identification document (a fraudulent Texas drivers' license) with the intent to use it to defraud the United States. (Doc. 9). Imadu purportedly used the Texas drivers' license to apply for a passport to travel to England under the name Anthony Bernard Gibson. (Doc. 1, Complaint). On June 22, 2006, the grand jury returned a five count Superseding Indictment adding four additional counts: making false statements on a passport application - 18 U.S.C. § 1542 (Count Two), falsely misrepresenting himself as a

-1-

United States citizen - 18 U.S.C. § 911 (Count Three) and two counts of Bank Fraud under 18 U.S.C. § 1344 (Counts Four and Five).  (Doc. 23).  The government also sought criminal forfeiture pursuant to 18 U.S.C. § 982.  The subject of the forfeiture was $200,300.00 in United States currency that was seized from a storage facility in Jacksonville, Florida.  (Doc. 26, Bill of Particulars).

Thereafter, the defendant and the government entered into a Plea Agreement whereby the defendant agreed to plead guilty to Count Three only in return for the government agreeing to dismiss the remaining counts, including the more serious bank fraud charges.  (Doc. 47).  The government further agreed not to pursue any related additional charges.  (Id.).

On September 12, 2006, the Magistrate Judge held a change of plea hearing during which Imadu entered a plea of guilty to Count Three.  (Doc. 45).  On September 15, 2006, the undersigned accepted the plea, adjudicated Imadu guilty of Count Three and set a sentencing hearing for December 12, 2006. (Doc. 49). Upon entry of the adjudication of guilt, the United States Probation Office undertook its pre-sentence investigation and prepared a Pre-Sentence Report (PSR).  In paragraphs twenty-six through forty-four the PSR details the facts surrounding the manner in which Imadu and at least one other person allegedly stole the identities of numerous individuals between February and May 2006 and through a series of fraudulent bank transactions availed themselves of $604,737.  According to the PSR, the intended total loss was $953,200.

The Probation Officer calculated in paragraph sixty-seven of the PSR that had Imadu proceeded to trial and been convicted of all five counts in the Superseding Indictment the advisory sentencing guidelines would call for a term of imprisonment ranging from 51-63 months, $604,737 in restitution, a fine of between $10,000 and $1,000,000 and three to five years of supervised release.  However, under the plea agreement, the plea to Count Three (the false representation violation) results in an advisory guidelines range of 6-12 months, no restitution, up to one year of supervised release and a fine of between $2,000 and $20,000 and effectively allows defendant to escape responsibility for the much more serious bank fraud charges.  The PSR further states that, based on the lower end imprisonment ranges, a plea only to Count Three calls for an 88% reduction in Imadu's sentencing exposure.  Finally, the Probation Officer, noting that he received no information from the government explaining the leniency of the plea agreement, recommends that the undersigned reject the plea agreement because the plea undermines the statutory purposes of sentencing.[1]

As stated at the December 12, 2006 hearing, the government's reasons for agreeing to a plea on Count Three only are: 1) the government's vague assertion that it will have difficulty convincing witnesses to voluntarily come forward to testify against

---

[1]  Because the plea agreement called for defendant to plead guilty only to Count Three, the false representation count, the Probation Officer could not include the bank fraud as relevant conduct under the Sentencing Guidelines.

-3-

Case 3:06-cr-00150-TJC-MCR   Document 51   Filed 01/30/07   Page 4 of 8 PageID 128

Imadu at trial[2]; 2) the United States Attorneys' Office currently has limited available resources; 3) the resulting adjudication under the plea agreement will require Imadu's deportation; and 4) Imadu has "voluntarily" agreed to forfeit approximately $300,000. The undersigned continued the sentencing and took the matter under advisement.

**II.     DISCUSSION**

Fed. R. Crim. P. 11(c)(3)(A) provides that "[a] court may accept the [plea] agreement, reject it, or defer a decision until the court has reviewed the presentence report." "A district court may properly reject a plea agreement based on the court's belief that the defendant would receive too light of a sentence.  Under the guidelines, a court is counseled to reject the plea agreement if it determines that accepting the plea agreement will undermine the statutory purposes of sentencing or the sentencing guidelines." United States v. Smith, 417 F.3d 483, 487 (5th Cir. 2005); see 18 U.S.C. § 3553(a); U.S.S.G. § 6B1.2(a).  "Moreover, a court is well-advised to reject a plea agreement that dismisses a charge if it finds that the remaining charges do not adequately reflect the seriousness of a defendant's actual offense behavior." Smith, 417 F.3d at 487.  Rule 11(c)(5) provides that upon rejecting a plea agreement of the type specified in Rule 11(c)(1)(A) or (C)[3], "the court must do the following in open court: (A) inform the parties that the court rejects the plea agreement; (B) advise the

---

[2]     The government did not disclose specifics with respect to these witnesses and did not say these witnesses, presumably some of whom are individual victims and financial institutions, could not be compelled to testify pursuant to a subpoena or that they were otherwise unavailable.

[3]     A Rule 11(c)(1)(A) plea is at issue here.

-4-

defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and (C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated."

Here, the government superseded the indictment to include four additional counts, which include two bank fraud counts (Counts Four and Five) that arise out of an alleged scheme whereby Imadu and at least one co-conspirator stole the identity of numerous individuals and through a series of fraudulent bank transactions obtained in excess of $600,000, and intended a total loss of more than $950,000. The government, citing only 1) unspecified witness problems, 2) a heavy case load, 3) that the plea to Count Three will result in Imadu's deportation and 4) that Imadu has agreed to forfeit close to $300,000, asks the Court to accept the plea. However, the Court does not find any of these reasons alone or in the aggregate sufficient to accept this plea agreement, which would result in Imadu receiving a very lenient sentence compared to that he could potentially receive if he was convicted of all counts.[4] Moreover, with respect to the deportation argument, the United States Attorneys' Office routinely makes precisely the opposite argument during sentencings before this Court; that is, simply because a defendant is subject to deportation does not mean he

---

[4] The Court could potentially ameliorate some of the leniency by sentencing Imadu to the statutory maximum of 36 months under Count Three. The Court is reluctant to do so, however, because the Court would in effect be punishing defendant for a crime he has not pleaded guilty to, which is unrelated to the crime he has pleaded guilty to, and which the plea agreement requires the government to dismiss.

-5-

or she should not serve the appropriate prison time for the offense.[5]

Upon review of the history of this case (especially that the government superseded the indictment to include the more serious bank fraud counts), the PSR and the government's reasons for offering Imadu a plea to Count Three of the Superseding Indictment, the undersigned cannot accept the plea agreement as it does not reflect the seriousness of the offense behavior and it undermines the statutory purposes of sentencing.  While the Court is well aware of and appreciates the executive branch's prerogative in prosecuting federal crimes, the law counsels that once a prosecutorial decision is made, this Court is not a "potted plant" and has a distinct role in determining whether a plea agreement comports with the statutory aims of sentencing.  See United States v. Thurston, 456 F.3d 211, 218 (1st Cir. 2006) ("While the government's pretrial position might be relevant, a sentencing court ought not simply defer to the government's pretrial position, without taking into account the court's own expressed misgivings about the government's view or the government's explanation for its change in position").[6]  For the above reasons, the Court will not

---

[5] The fourth reason provided (that Imadu has voluntarily agreed to forfeiture of $300,000) is likewise unavailing.  The government routinely obtains forfeiture in conjunction with plea agreements where the plea more closely relates to the actual charged conduct.  Moreover, these funds, part of the proceeds of the alleged bank fraud, have already been seized by the government; Imadu just agreed not to try to get them back.

[6] Based on some of the indictments that this Court has seen in the recent past, including a much less serious bank fraud case that the government took all the way to trial, the undersigned is frankly surprised that the government would not deem this case a prosecutorial priority or would plead lack of personnel as a justification for not prosecuting this very substantial identity theft/ bank fraud case.

accept the plea agreement (Doc. 47).  Accordingly, it is hereby **ORDERED**:

This Court will **REJECT** the plea agreement (Doc. 47) between defendant Omonlei Imadu and the government.  To comply with Fed. R. Crim. P. 11(c)(5), the Court will hold a hearing on **Tuesday, February 20, 2007 at 10:00 a.m.** in Courtroom 10B, United States Courthouse, 300 N. Hogan Street, Jacksonville, Florida, to advise the defendant consistent with that rule and discuss options with the defendant.  At the conclusion of that hearing, the case will likely be restored to the trial calendar for trial on the Superseding Indictment.

**DONE AND ORDERED** at Jacksonville, Florida this 30th day of January, 2007.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

t
copies:

Counsel of record

United States Probation Office (Parker D. Anderson)